EDWARD W. GARDNER *vs.* THOMAS R. FIELD & others.

An assessor, to whom a case is recommitted to reassess the damages according to a rule laid down by the court, may proceed to assess the damages without a rehearing, if the ⌐ase was previously fully heard before him.

SHAW, C. J. In an action formerly submitted between these parties, it was agreed, in case judgment should be for the plaintiff, that an assessor should be appointed to assess the plaintiff's damages. Pursuant to this agreement, Oliver Prescott, Esq. was appointed, and at a former term made a report. In that report he stated in the alternative, that if one theory or basis of valuation should be adopted, he fixed the damage at one sum ; if a different basis, a different sum. Objection being taken to such alternative award, such difference in the basis of computation not being founded on the decision of any question of law, but an exercise of his judgment upon the facts proved, it was recommitted. *Gardner* v. *Field,* 1 Gray, 154.

At the last term at Nantucket, the assessor made a new report, assessing the plaintiff's damages, according to his judgment, at a sum stated. An objection was taken to the report, because the assessor proceeded to fix the sum, without further notice to the parties, and without further evidence or hearing. This question is reserved.

Whether the assessor should give notice to the parties and hear further evidence upon a recommitment, appears to us to depend upon no fixed rule, but upon the circumstances. Upon a general recommitment, and without special instruction, *prima facie* we should think it would be necessary to give notice. To hear the parties, before deciding a matter of controversy, seems to lie at the foundation of justice. But where, from the nature of the objections, and the grounds on which a recommitment is ordered, it is manifest that the object is to enable or require the assessor to revise his own doings in form or substance, or to correct some error of his own, requiring no new evidence or argument, notice is not required. The assessor states that he had

a full report of the evidence and full minutes of the argument; the recommitment was to enable him to make a positive, instead of an alternative assessment upon the exercise of his own judgment on the materials already before him. We think the objection to this report, that he gave no notice and had no further hearing, is not well founded.

*Report accepted and judgment accordingly*

*J. C. Stone*, for the plaintiff.

No appearance for the defendants.